UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:                                                    Case Number: 11-15541-7

    TIM OSICKA,

            Debtor.

---

    TIM OSICKA,

            Plaintiff,

      v.                                              Adversary Number: 19-83

    OFFICE OF LAWYER REGULATION,

            Defendant.

---

## MEMORANDUM DECISION

Tim Osicka ("Osicka") filed a voluntary Chapter 7 petition in September 2011. He received a general discharge about three months later. A Final Decree was entered on December 16, 2011, and the bankruptcy case was closed. On September 20, 2019, Osicka moved to reopen his bankruptcy case. The case was reopened on October 24, 2019.

Meanwhile, Osicka filed the present adversary action seeking a determination that a $12,500.64 debt owed to the Office of Lawyer Regulation ("OLR") was discharged through his bankruptcy case. The OLR maintains the debt was excepted from discharge under 11 U.S.C. § 523(a)(7).

Osicka moved for summary judgment. OLR opposes the motion and urges the Court to enter summary judgment in its favor determining that the

debt was nondischargeable. The parties agree summary judgment is appropriate to resolve this matter. They filed briefs and the matter was taken under advisement.

For the reasons below, the Court finds that the debt owed to the OLR constitutes a nondischargeable debt under 11 U.S.C. § 523(a)(7). As a result, the Court grants summary judgment in favor of the OLR.

## BACKGROUND

The facts are largely uncontested. Osicka was a licensed attorney in Wisconsin and the subject of multiple professional disciplinary proceedings brought by the OLR over many years. The details of the misconduct are not relevant to the matter before this Court. The disciplinary proceeding leading to the debt here was decided in 2009. As a result of that proceeding, a referee recommended that: (1) Osicka's law license should be suspended for 60 days; (2) Osicka should pay a former client $150.00 in restitution; and (3) Osicka should pay the full costs of his disciplinary proceeding. Osicka appealed the referee's report and recommendations.

The Wisconsin Supreme Court entered a Disciplinary Order.[1] Rather than suspending Osicka's law license for 60 days, the court determined a public reprimand was more appropriate in keeping with its policy of progressive discipline. The Order also required Osicka to pay his former client $150.00 in restitution and to pay $12,500.64 in costs ("Disciplinary Costs") within 60

---

[1] *Office of Lawyer Regulation v. Osicka (In re Osicka)*, 2009 WI 38, 317 Wis. 2d 135, 765 N.W.2d 775.

2

days. If he failed to comply with either condition, then, absent a showing of his inability to pay, his license would be "suspended until further order of [the] court."[2] He failed to pay the Disciplinary Costs within the time provided and his license was suspended.

About two years later, Osicka filed a voluntary Chapter 7 petition and listed the Disciplinary Costs on his Bankruptcy Schedule F as an unsecured debt. The OLR did not challenge the dischargeability of the debt, and this Court granted Osicka a discharge on December 12, 2011.

Osicka eventually petitioned the Wisconsin Supreme Court to reinstate his law license. In February 2018, the OLR recommended favorable action on Osicka's reinstatement petition pending payment of the Disciplinary Costs. Osicka challenged OLR's assertion that the Disciplinary Costs were not discharged in his bankruptcy case. The Wisconsin Supreme Court entered an order refusing to take any action on Osicka's reinstatement petition until this Court determines whether the Disciplinary Costs were discharged in Osicka's bankruptcy.

Osicka argues the Disciplinary Costs do not constitute a fine, penalty, or forfeiture pursuant to 11 U.S.C. § 523(a)(7) because the Wisconsin Supreme Court merely intended to compensate the OLR for its out-of-pocket expenses. Put differently, Osicka says the order to pay the OLR $12,500.64 was not a punishment against him but an order to reimburse the OLR for costs incurred to prosecute him. Alternatively, Osicka moves the Court to determine that the

---

[2] *Osicka*, 317 Wis. 2d 135, ¶¶ 61-62.

Disciplinary Costs are grossly disproportionate to the offenses committed and

in violation of the Excessive Fines Clause under the Eighth Amendment of the

United States Constitution and Article I, Section 6 of the Wisconsin

Constitution.

The OLR asserts that Disciplinary Costs awarded in attorney disciplinary

proceedings are penal in nature and nondischargeable under section 523(a)(7).

The OLR also asserts that Osicka is barred from raising his alternative

excessive fines argument to this Court.

**DISCUSSION**

Federal Rule of Civil Procedure 56, incorporated in Federal Rule of

Bankruptcy Procedure 7056, states that "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." FED.

R. CIV. P. 56(a). The Court's role at the summary judgment stage is to

determine whether there is a genuine issue for trial.

The movant bears the initial responsibility to show that no genuine

issues of material fact exist. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

"When the moving party has carried its burden . . . its opponent must do more

than simply show that there is some metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586

(1986). Instead, the nonmovant must establish that questions of fact do exist.

*See id.* at 587. The Court must view all reasonable inferences drawn from the

4

underlying facts in the light most favorable to the nonmovant party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The Court cannot consider facts that are not in the record. *Summit Credit Union v. Goldbeck* (*In re Goldbeck*), 590 B.R. 881, 887 (Bankr. W.D. Wis. 2018). Even so, federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979)).

The materiality of facts for summary judgment rulings must be determined with reference to the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The parties agree the sole legal issue is whether the Disciplinary Costs owed to the OLR were excepted from discharge under section 523(a)(7). The exceptions to discharge under 11 U.S.C. § 523 are strictly construed against objecting creditors and liberally in favor of debtors. *See In re Crosswhite,* 148 F.3d 879, 881 (7th Cir. 1998). As the party objecting to discharge, the OLR must prove each element of the discharge exception by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291 (1991).

A. <u>Nondischargeability under 11 U.S.C. § 523(a)(7)</u>

The Disciplinary Costs are a debt. A debt that "is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, [that] is not compensation for [an] actual pecuniary loss," is nondischargeable. 11 U.S.C.

§ 523(a)(7). And so, there are three requirements to except a debt from discharge under this Code section: (1) the debt must reflect a fine, penalty, or forfeiture; (2) it must be payable to and for the benefit of a governmental unit; and (3) it must not be compensation for actual pecuniary loss. *In re Towers*, 162 F.3d 952, 954-55 (7th Cir. 1998). Here, it is undisputed that the OLR is a governmental unit.

The second element is not at issue. The parties agree that the Disciplinary Costs are payable to and for the benefit of a governmental unit.

For the first element, most courts that have considered this issue—including this Court—have concluded that costs and expenses associated with attorney disciplinary proceedings are fines or penalties under section 523(a)(7). *The Disciplinary Bd. of the Supreme Court of Pennsylvania v. Feingold (In re Feingold)*, 730 F.3d 1268, 1273 (11th Cir. 2013); *State Bar v. Findley (In re Findley)*, 593 F.3d 1048, 1054 (9th Cir. 2010); *Richmond v. New Hampshire Supreme Court Comm. on Prof'l Conduct*, 542 F.3d 913, 919 (1st Cir. 2008); *Netzer v. Office of Lawyer Regulation (In re Netzer)*, 545 B.R. 254, 259 (Bankr. W.D. Wis. 2016); *Supreme Court v. Bertsche (In re Bertsche)*, 261 B.R. 436, 438-39 (Bankr. S.D. Ohio 2000); *Attorney Registration & Disciplinary Comm'n v. Betts (In re Betts)*, 149 B.R. 891, 896 (Bankr. N.D. Ill. 1993). *But see Love v. Scott (In re Love)*, 442 B.R. 868 (Bankr. M.D. Tenn. 2011) (holding that mandatory cost assessments in Tennessee's attorney disciplinary proceedings were dischargeable and fell outside section 523(a)(7)).

In *Netzer,* this Court found attorney disciplinary costs to be an "expenditure by the government as an expense of carrying out its duty to regulate the profession of law[,]" and that such expenses are "not part of a creditor-debtor relationship but, instead, [are] cost[s] of governing." *Netzer,* 545 B.R. at 259 (citing *Bd. of Attorneys Prof'l Responsibility v. Haberman,* 137 B.R. 292, 295 (Bankr. E.D. Wis. 1992)).

Because of the continued discretion afforded to the Wisconsin Supreme Court to impose costs in attorney disciplinary proceedings, this Court is unwilling to change its view that such costs constitute fines or penalties.

> It is the policy of the Wisconsin Supreme Court that "upon finding of misconduct it is appropriate to impose costs" on the attorney. SCR 22.24. The assessment is not mandatory and the amount assessed is within the discretion of the court taking into account various factors. *Id.*

*Netzer,* 545 B.R. at 259. *See also Office of Lawyer Regulation v. Moodie (In re Moodie),* 2020 WI 39, ¶ 2, 2020 Wisc. LEXIS 114, 2020 WL 2124464 ("We determine the appropriate level of discipline to impose given the particular facts of each case, independent of the referee's recommendation, but benefiting from it.").

Here, the Wisconsin Supreme Court found that Osicka engaged in misconduct and disciplined him. The discipline was only partially based on the referee's recommendation. Rather than suspending his law license for 60 days, the court exercised its discretion to publicly reprimand Osicka. The court ordered him to pay a restitution fine to a former client, and to pay the costs of the disciplinary proceeding less sums incurred in connection with a motion for

reconsideration/clarification filed by the OLR. The discretionary nature of such sanctions and orders suggest to this Court that the State Supreme Court intended to penalize Osicka. Further, "Wisconsin case law as developed reflects a policy of treating assessed costs as penal in nature." *Haberman,* 137 B.R. at 296.[3] And therefore the Disciplinary Costs against Osicka are fines or penalties under section 523(a)(7).

We now turn to the third and final element that prohibits such fines or penalties from compensating a governmental unit for its actual pecuniary loss. Osicka argues the Disciplinary Costs constitute a reimbursement or compensation to the ORL for prosecuting his disciplinary proceeding and should therefore be dischargeable. According to Osicka, "[t]he critical question before this Court is what evidence exists in this record that the Wisconsin Supreme Court penalized Osicka, rather than compensated the OLR for its actual loss."[4] The crux of Osicka's argument is that the OLR received the exact dollar amount it expended in prosecuting him. And so, Osicka believes the Wisconsin Supreme Court intended to compensate the OLR by ordering him to pay the Disciplinary Costs. Although Osicka's argument under this element appears to be an issue of first impression for this Court, several other courts have considered the same argument.

---

[3] Citing *In re Disciplinary Proceedings Against Kelly,* 109 Wis. 2d 348, 325 N.W.2d 729 (1982); *In re Disciplinary Proceedings Against Wheeler,* 108 Wis. 2d 573, 322 N.W.2d 885 (1982); *In re Disciplinary Proceedings Against Hur,* 126 Wis. 2d 119, 375 N.W.2d 211 (1985).

[4] Brief in Support of Motion for Summary Judgment, ECF No. 13 at 6.

In *Richmond*—while addressing an argument that costs associated with attorney disciplinary proceedings are in fact compensation—the First Circuit Court of Appeals found guidance in a 1986 Supreme Court decision, *Kelly v. Robinson,* 479 U.S. 36 (1986).[5]

> In *Kelly,* . . . the Supreme Court cautioned us to read § 523(a)(7) in light of the broader objects of the statute. *Kelly,* 479 U.S. at 50. While a cost award might "resemble" compensation for an actual loss, "the context in which it is imposed [might] undermine [ ] that conclusion." *Id.* at 52. *Thus, we look to the context in which the penalty is imposed to determine whether its purpose is truly compensatory.*

*Richmond,* 542 F.3d at 919 (emphasis added).

The First Circuit found the costs associated with attorney disciplinary proceedings to not be purely compensatory. Rather, the court found that such costs "serve both to deter attorney misconduct and to help rehabilitate wayward attorneys." *Id.* at 920. The First Circuit concluded that the costs assessed against the attorney were nondischargeable under section 523(a)(7) because the disciplinary committee was more concerned with deterring unprofessional conduct than recovering its litigation costs. *Id.* at 921.

In 2013, the Eleventh Circuit followed *Richmond's* reasoning when considering arguments under the same element. "As to the 'not compensation

---

[5] *Kelly* addressed whether an order to pay restitution entered in a criminal proceeding was a nondischargeable debt under section 523(a)(7). *Kelly's* rationale and holding appropriately extends to costs assessed in attorney disciplinary proceedings. *See In re Feingold*, 730 F.3d 1268, 1274 (11th Cir. 2013). *See also Attorney Grievance Comm'n of Maryland v. Smith (In re Smith)*, 317 B.R. 302, 309 (Bankr. D. Md. 2004) ("The ultimate goal of both criminal and attorney disciplinary proceedings is to protect the public . . . . Monetary penalties imposed against the offender, whether part of an attorney disciplinary proceeding or a criminal proceeding, promote the state's penal and rehabilitative interests.").

for actual pecuniary loss' element, we 'look to the context in which the penalty

[was] imposed to determine whether its purpose is truly compensatory.'"

*Feingold*, 730 F.3d at 1275 (quoting *Richmond,* 542 F.3d at 919). The Eleventh

Circuit ruled that costs associated with attorney disciplinary proceedings were

nondischargeable under section 523(a)(7) because the purpose of the

proceedings and assessed costs were penal in nature. *Feingold*, 730 F.3d at

1275. *See also United States HUD v. Cost Control Mktg. & Sales Mgmt.,* 64 F.3d

920, 928 n.13 (4th Cir. 1995) ("Even where a debt is intended to help defray

the expense of government, it may not be dischargeable if its primary purpose

is penal."); *Bd. of Attorneys Prof'l Responsibility v. Haberman (In re Haberman),*

137 B.R. 292, 295 (Bankr. E.D. Wis. 1992) (acknowledging that even though

assessed costs may result in reimbursement, compensation is not the primary

objective of disciplining attorneys).

For these reasons, the key element in determining if Osicka's

Disciplinary Costs constitute reimbursement or compensation is whether the

Wisconsin Supreme Court intended to penalize Osicka under the context of his

disciplinary proceeding. For the same reasons described under the first

element, this Court is persuaded that the Wisconsin Supreme Court intended

to penalize Osicka for his misconduct.

That the Disciplinary Costs were calculated based on the amount the

OLR expended—less costs of a motion—in prosecuting Osicka does not matter.

> The mere fact that a penal sanction is calculated by reference to
> actual costs does not, in and of itself, transform the penalty into
> compensation for pecuniary loss.

10

*Attorney Grievance Comm'n of Maryland v. Smith (In re Smith),* 317 B.R. 302,

312 (Bankr. D. Md. 2004) (finding that awarded costs in attorney disciplinary

proceedings is not dischargeable under section 523(a)(7)). *See also Virginia v.*

*Young (In re Young),* 577 B.R. 227, 231 (Bankr. W.D. Va. 2017) ("In *Kelly*, the

nondischargeable restitution order was calculated by reference to the victim's

actual loss, but this fact was not outcome-determinative. Rather, what matters

is the protection of the public . . . .").

As described, the OLR performs a critical public function of government

by holding attorneys in Wisconsin accountable for their misconduct. "The cost

of performing such a governmental function is not an actual pecuniary loss to

the State." *Smith,* 317 B.R. at 312. In *In re Zarzynski,* the Seventh Circuit held

that costs of a criminal conviction were not dischargeable. 771 F.2d 304 (7th

Cir. 1985). The Seventh Circuit reasoned that "[t]here is no county pecuniary

loss when the county functions as it should in the furtherance of its public

responsibilities . . . . Nor does the fact that the costs are based on what the

county expended in the criminal trial convert the costs into 'compensation for

actual pecuniary loss.'" *Id.* at 306.

Lastly, this Court must remain aware of the public policy reasons for

holding that costs awarded in attorney disciplinary proceedings are

nondischargeable.

> Sanctions imposed against an offender, whether as part of attorney
> disciplinary proceedings or criminal proceedings, promote the
> state's penal and rehabilitative interests.

*Haberman,* 137 B.R. at 296. This Court would impede the OLR's ability to perform its duty and function if it were to hold that costs arising out of attorney disciplinary proceedings are dischargeable. A court's "power to interfere with attorney disciplinary proceedings must be exercised with judicial restraint and in full recognition of the purpose for which [the OLR] was created." *Id.*

While the conduct that first led to the disciplinary proceeding here is not relevant, facts related to the investigation and disciplinary proceedings also show that the Disciplinary Costs are not simply compensation for pecuniary loss. Osicka was informed of the formal disciplinary investigation and reminded of his duty to cooperate. He was asked to provide documents. After several extensions of time, Osicka responded "it would be unproductive for me to answer all of your questions . . . ." *Osicka*, 317 Wis. 2d 135, ¶24.

After another request for information, the OLR filed a motion for temporary suspension of his license. The Wisconsin Supreme Court issued an order to show cause. Osicka then provided a response. Osicka appealed the referee's recommendation. He argued that failure to cooperate and provide information before the actual date of a temporary suspension was not a violation and should not be a basis for suspension or discipline. Rejecting this argument, the court said that the contention "would allow attorneys to stonewall and delay the OLR's investigation without fear of discipline so long as they complied . . . the day before their license would be temporarily suspended.

12

The rule, however, does not require compliance only after this court issues an order to show cause." *Osicka*, 317 Wis. 2d 135, ¶47.

The Disciplinary Costs were imposed based on the underlying misconduct. But, in addition, were based on Osicka's own actions in the disciplinary proceeding—including his failure to cooperate in the investigation, his responding to requests for information only after an order to show cause and only before the actual order of temporary suspension was issued, and his position in the appeal of the recommendations. The Disciplinary Costs were also conditions to be satisfied as part of the public reprimand. Osicka's license was suspended because of his own actions: failure to comply with the Order for payment within 60 days unless he provided evidence of inability to pay. He did not pay, nor did he provide evidence he could not do so. The Disciplinary Costs were to advance the state's penal and rehabilitative interests.

In sum, because the Disciplinary Costs constitute a fine or forfeiture that is not compensation for the OLR's actual pecuniary loss, the Court determines there is no genuine dispute as to any material fact that the debt owed to the OLR is excepted from discharge under 11 U.S.C. § 523(a)(7). The OLR has proven, by a preponderance of the evidence, all three elements of section 523(a)(7).

B. The Court Lacks Subject Matter Jurisdiction Over Osicka's Constitutional Claim

Next, Osicka argues that treating the Disciplinary Costs as a nondischargeable fine or penalty violates his federal and state constitutional rights because the Disciplinary Costs are excessive fines and grossly

13

disproportionate to the offenses committed.[6] The OLR asserts Osicka's

constitutional argument is barred under any of three doctrines: waiver, *Rooker-*

*Feldman,* and res judicata. Osicka counters that "[o]pportunity must exist to

litigate the issues before any of these doctrines apply[,]" and that he had no

reason to assert a constitutional claim because he did not believe the

Disciplinary Costs to be a fine, penalty, or forfeiture when they were assessed

by the Wisconsin Supreme Court.[7]

For the sake of brevity, the Court will only address Osicka's

constitutional argument under the *Rooker-Feldman* doctrine. The Court does so

because the doctrine fully resolves the issue.

The doctrine provides that "lower federal courts do not have subject

matter jurisdiction over claims seeking review of state court judgments." *Long*

*v. Shorebank Development Corp.,* 182 F.3d 548, 554 (7th Cir. 1999) (citing

*Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923), and *District of*

*Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482-86 (1983)). It

precludes federal jurisdiction over such claims "because, *no matter how*

*erroneous or unconstitutional the state court judgment may be*, the Supreme

Court of the United States is the only federal court that could have jurisdiction

---

[6] The Eighth Amendment to the U.S. Constitution and Article 1, Section 6 of the Wisconsin Constitution proclaim: "Excessive bail shall not be required, no excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Wis. Const. art. I, § 6.

[7] Reply Brief, ECF No. 15 at 8-9.

to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (emphasis added). *See also* 28 U.S.C. § 1257.

*Rooker-Feldman* applies to claims raised and argued before a state court, as well as to claims that are "inextricably intertwined" with state court determinations. *Remer,* 205 F.3d at 996. *See also Feldman,* 460 U.S. at 482 n.16 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court.").

The Supreme Court has elaborated on the definition of "inextricably intertwined":

> [T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). The "pivotal inquiry . . . is whether the federal [litigant] seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Shorebank,* 182 F.3d at 555 (internal citations and quotations omitted).

*Rooker-Feldman's* rationale extends and applies to attorney disciplinary proceedings. *See Leaf v. Supreme Court of Wisconsin,* 979 F.2d 589 (7th Cir. 1992). In *Leaf,* a disciplined attorney challenged the constitutionality of the Wisconsin Supreme Court's disciplinary proceedings against her. The Seventh Circuit affirmed a district court's decision to dismiss the attorney's federal claims for lack of subject matter jurisdiction under *Rooker-Feldman. Id.* at 598.

15

In doing so, the Seventh Circuit reviewed the attorney's claims by proposing two questions: "1) Was the disciplinary proceeding before the Wisconsin Supreme Court a judicial proceeding; 2) If so, [were the attorney's] claims inextricably intertwined with those proceedings so as to make consideration of [her] claims an impermissible review of the state judicial proceedings?" *Id.* at 597. The Seventh Circuit found the state court attorney disciplinary proceeding to be a judicial proceeding. *Id.*[8] Next, the Court of Appeals found that the attorney's claims were inextricably intertwined with the claims reviewed by the state court. *Id.* at 599.

Following *Leaf's* logic, this Court is persuaded that Osicka's attorney disciplinary proceeding and the subsequent appeal to the Wisconsin Supreme Court were judicial proceedings. A judicial proceeding "investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." *Feldman,* 460 U.S. at 477. In Osicka's disciplinary proceeding, the referee considered the facts and arguments presented, reviewed the evidence, and made recommendations on the OLR's allegations against Osicka under Wisconsin's attorney disciplinary rules. Similarly, the Wisconsin Supreme Court then heard Osicka's arguments on appeal and considered the referee's recommendations before disciplining Osicka.

As to the second question, this Court finds that Osicka's excessive fines claim is inextricably intertwined with his disciplinary proceeding and the

---

[8] *See also Greening v. Moran,* 953 F.2d 301 (7th Cir. 1992) (attorney disciplinary proceeding before state supreme court is judicial in nature).

subsequent appeal to the State Supreme Court. The Disciplinary Costs were established based on the recommendations of the referee who was familiar with the facts of Osicka's case and in the best position to recommend the amount to be imposed. The Wisconsin Supreme Court considered the recommendation to assess the Disciplinary Costs after hearing arguments on appeal and examining the procedural history of Osicka's case. The Wisconsin Supreme Court adjusted the amounts initially recommended. The Disciplinary Costs were then assessed based on Osicka's misconduct and the resources the OLR expended in prosecuting him for the public policy reasons described above.

To find that the Disciplinary Costs are not inextricably intertwined with Osicka's disciplinary proceeding would defy logic. This Court is not in the position to determine whether the Disciplinary Costs were excessive under the facts and arguments made to the State Supreme Court over a decade ago. Such determinations were made by the appropriate authorities who had the best grasp of the facts and history of Osicka's misconduct. That Osicka never raised or argued his constitutional claim to the Wisconsin Supreme Court does not matter "because inextricably intertwined claims require the federal court 'in essence' to review the state court decision." *Wylie v. Bank of N.Y. Mellon*, 856 F. Supp. 2d 837, 843 (E.D. La. 2012) (citing *Feldman*, 460 U.S. at 483).

Osicka was aware of the referee's costs recommendation before his appeal to the Wisconsin Supreme Court. He had the opportunity to raise his constitutional argument on appeal. In fact, Osicka explicitly chose to not object to the dollar amount attached to the costs of his disciplinary proceeding.

17

*Osicka*, 317 Wis. 2d 135, ¶59 ("We note that Attorney Osicka has not objected

to the OLR's statements of costs."). Osicka's argument to this Court that he

lacked a chance to object to the amount of the Disciplinary Costs is misplaced.

He had his opportunity to assert his constitutional claim on appeal to the

Wisconsin Supreme Court. He chose not to do so.

And so, *Rooker-Feldman* deprives this Court of subject matter

jurisdiction over Osicka's excessive fines claim under the United States and

Wisconsin Constitutions. This Court does not seek to determine whether the

Disciplinary Costs were excessive or disproportionate to Osicka's misconduct.

The Court's analysis and findings are limited to subject matter jurisdiction

under the *Rooker-Feldman* doctrine.

### CONCLUSION

For these reasons, Osicka's Motion for Summary Judgment is denied.

The Court grants summary judgment in favor of the OLR. The debt owed to the

OLR in the amount of $12,500.64 is nondischargeable under 11 U.S.C.

§ 523(a)(7).

This decision shall constitute findings of fact and conclusions of law

pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil

Procedure.

A separate order consistent with this decision will be entered.

Dated: May 15, 2020

BY THE COURT:

_____

Hon. Catherine J. Furay
U.S. Bankruptcy Judge